1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  CLAUDIA A. QUIROZ (CABN 254419)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California  94102
      Telephone:      (415) 436-7428
7     Facsimile:      (415) 436-7234
      claudia.quiroz@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 15-0314-001 YGR |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| MARIO GONZALEZ NAVA, | |
| Defendant. | |

With the agreement of United States of America (the "government") and Defendant Mario Gonzalez Nava (collectively, "the parties"), and with the consent of Defendant Nava, the Court enters the following Protective Order:

Defendant Nava is charged with one count of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) & (b)(1)(A)(viii) and one count of Distribution and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A)(viii).  Pursuant to Defendant Nava's request, the United States will produce documents and other materials pertaining to

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
NO. CR 15-0314-001 YGR

1

Defendant Nava and the charged offenses to defense counsel subject to the following restrictions:

1. In providing discovery, the United States will designate documents and other materials as subject to this Protective Order with the following notation: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defense counsel believes that the United States has improperly designated a document or other material as subject to the Protective Order, defense counsel shall bring this objection to the United States, and, if the United States is unwilling to change the designation, may ask the Court to remove the designation.

2. Except when being actively examined, materials subject to this Protective Order shall be maintained in a secure place in defense counsel's office that is accessible only to those persons set forth in paragraph 3.

3. Only the following individuals may examine documents or other materials subject to this Protective Order to prepare the defendant's defense and for no other purpose:

    a. Counsel for Defendant Nava;

    b. Members of defense counsel's law firm who are assisting with the preparation of Defendant Nava's defense and with any appeal arising out of the case;

    c. Investigators and experts retained by Defendant Nava to assist in Defendant Nava's defense;

    d. Defendant Nava, but only in the presence of defense counsel or another person listed in this paragraph. Defendant Nava may not make or keep copies of the documents subject to this Protective Order and may view them only with defense counsel.

4. If defense counsel determines that persons not identified in paragraph 3 need to review documents or other materials subject to this Protective Order, defense counsel must obtain a further order from the Court.

5. Persons named in Paragraph 3 shall not divulge the contents of documents or materials subject to this Protective Order to anyone other than Defendant Nava.

6. If one of the parties files a pleading that references or contains or attaches documents or

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. CR 15-0314-001 YGR

2

|   |   |   |
|---|---|---|
| 1 |  | materials subject to this Protective Order, the filing must be under seal. |
| 2 | 7. | A copy of this Protective Order shall be maintained with documents or other materials |
| 3 |  | subject to this Protective Order at all times. |
| 4 | 8. | Prior to receiving access to documents and materials subject to this Protective Order, all |
| 5 |  | persons, other than defense counsel (and employees of defense counsel's office) and |
| 6 |  | Defendant Nava, who receive access to documents and materials subject to this |
| 7 |  | Protective Order shall sign a copy of this Protective Order acknowledging the following: |
| 8 |  | a. The person has reviewed the Protective Order; |
| 9 |  | b. The person understands the contents of the Protective Order; |
| 10 |  | c. The person agrees that he or she will obtain access to the documents and materials |
| 11 |  | subject to the Protective Order only to prepare a defense for Defendant Nava; |
| 12 |  | d. The person understands that failure to abide by the terms of this Protective Order |
| 13 |  | may result in sanctions by this Court. |
| 14 | 9. | Counsel for Defendant Nava shall either (1) send signed copies of the Protective Order to |
| 15 |  | counsel for the United States, or (2) file signed copies of the Order under seal. The |
| 16 |  | United States shall not have access to signed copies filed under seal without further order |
| 17 |  | of the Court. |
| 18 | 10. | Documents and materials subject to this Protective Order may be duplicated, but any |
| 19 |  | duplicates will be subject to the terms of this Protective Order. |
| 20 | 11. | The United States shall request that defense counsel return materials subject to this |
| 21 |  | Protective Order (including copies of material subject to this Protective Order) to the |
| 22 |  | United States 14 days after whichever event occurs last in time: dismissal of all charges |
| 23 |  | against Defendant Nava; Defendant Nava's acquittal; or the conclusion of any direct |
| 24 |  | appeal. Defense counsel shall comply with the United States' request. |
| 25 | 12. | After the United States obtains documents and materials subject to the Protective Order |
| 26 |  | under Paragraph 10, it will maintain those documents and materials until the period for |
| 27 |  | filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a |

motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Protective Order.  If Defendant Nava is not represented by counsel for purposes of filing a motion pursuant to 28 U.S.C. § 2255, the United States will provide Defendant Nava with the documents and materials subject to this Protective Order under the terms of this Protective Order, except that the United States may redact or withhold any materials it deems necessary to protect the safety and confidentiality of witnesses and informants.  Defendant Nava in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.  If Defendant Nava believes access to the withheld materials is necessary to his motion under 28 U.S.C. § 2255, Defendant Nava may petition the Court for access to those materials by written motion with appropriate notice to the United States.

IT IS SO STIPULATED.

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

DATED:   September 8, 2017          _____/s/_____
CLAUDIA A. QUIROZ
Assistant United States Attorney

DATED:  September 8, 2017           _____/s/_____
JULIANA DROUS
Counsel for Defendant Mario Gonzalez Nava

IT IS SO ORDERED.

DATED: September 20, 2017           _____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. CR 15-0314-001 YGR

4